R. L. MULLIKEN, INC., A CORPORATION OF THE STATE OF NEW JERSEY; JANE GRAMAGLIA: PETER P. FOTI AND HELEN J. FOTI, t/a FOTI'S FOOD MARKET AND/OR FOTI'S LAUNDROMAT; EAGLE PAINT & WALLPAPER CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS-RESPONDENTS, v. CITY OF ENGLEWOOD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued January 11, 1971—Decided June 30, 1971.

(1)

*Mr. Lawrence Weintraub* argued the cause for appellant (*Mr. Daniel R. Coburn,* on the brief; *Messrs. Moskin and Weintraub,* attorneys).

Mr. *Albert E. Fershing* argued the cause for respondents Foti (*Messrs. Shurkin, Hersh and Fershing,* attorneys).

Mr. *Roger W. Breslin, Jr.* argued the cause for respondent R. L. Mulliken, Inc. (*Messrs. Goodman, O'Dea and Breslin,* attorneys).

Mr. *Samuel A. Gennet* argued the cause for respondent Eagle Paint and Wallpaper Co., Inc.

Mr. *Leslie M. Bierman* argued the cause for respondent Gramaglia (*Messrs. Lucianna and Sandow,* attorneys).

PER CURIAM. This case involves four consolidated actions for property damage arising out of racial disturbances in the City of Englewood on July 21, 22 and 23, 1967. Judgments for plaintiffs were entered on jury verdicts. We certified defendant's appeal before argument in the Appellate Division. The appeal was heard with the appeals in *A. & B. Auto Stores of Jones Street, Inc. v. City of Newark,* 59 *N. J.* 5, and *Manzo v. City of Plainfield,* 59 *N. J.* 30, both decided this day.

▪ Defendant contends the mob and riot statute, *N. J. S. A.* 2A:48–1 to 7, is "anachronistic" and must fall on that account. If defendant means thereby that we should somehow discern that the legislative will has spent itself, the short answer is that the Legislature amended the statute by *L.* 1968, *c.* 386, and if defendant means the statute is now arbitrary and therefore unconstitutional, the issue is disposed of by our opinion in *City of Newark, supra.*

▪ Defendant contends there was insufficient evidence of a riot or of causal connection between the riot and the several damage claims. The evidence was sufficient to take the case to the jury. The question whether plaintiffs Gramaglia and Foti were guilty of negligence barring their recovery, *N. J. S. A.* 2A:48–3, was clearly for the jury. The

findings for plaintiffs on these factual issues could not be disturbed.

■ The trial court properly held the statute covers losses due to theft and looting. See *City of Newark*.

■ But defendant correctly contends that insurance carriers which covered the losses may not be subrogated to their insureds' claims. The subject is discussed fully in *City of Newark*. The judgments must be vacated or modified accordingly, and the matters will be remanded to the trial court to that end.

■■ One issue remains and that is whether it was error to transfer the Foti suit from the County District Court to the Superior Court to the end that the Foti claim, initially stated to be in the sum of $3,000, could be pursued in a larger amount and in excess of the jurisdiction of the County District Court. The transfer of a case so that it may be tried with other cases arising out of the same event cannot be challenged. *R.* 4:3–4(c) and *R.* 4:38–1. But the transfer occurred more than three months after the loss or injury to the property, and the question is whether the enlargement of the claim for damages was barred by *N. J. S. A.* 2A:48–2 which fixes a three months' limitation upon the institution of suit. We are told that subrogation is involved in the Foti matter, but we do not know whether the entire Foti claim will fall on that account, thus making the removal issue academic. In any event, we are satisfied the statutory policy is not breached by an amendment as to the amount of damages made after the expiration of the three-month period, and the amendment is within *R.* 4:9–3. Plaintiff's counsel explained that he started the suit in the County District Court because the file he received was incomplete. Defendant had timely notice that Foti had a claim and there was no prejudice to a defense on the merits. The trial court's action was a sound exercise of discretion. *Fusco v. Hale Furniture Co., Inc.,* 95 *N. J. Super.* 539 (App. Div. 1967), certif. denied, 50 *N. J.* 297 (1967).

The judgments are affirmed except insofar as they rest upon subrogation and in that respect the judgments are reversed. The matters are remanded to the trial court for further proceedings in accordance with this opinion.

*For affirmance in part and reversal in part*—Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL and SCHETTINO—5.

*Opposed*—None.