Jordan D. WHITE, Plaintiff-Appellee,

v.

COMMERCIAL STANDARD FIRE AND
MARINE COMPANY, Defendant-
Appellant.

No. 71-2456

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 4, 1971.

Edward R. Finck, Jr., San Antonio,
Tex., for defendant-appellant; Clemens,
Knight, Weiss & Spencer, San Antonio,
Tex., of counsel.

Richard Tinsman, Tinsman & Houser,
Inc., San Antonio, Tex., for plaintiff-ap-
pellee.

Before WISDOM, COLEMAN and
SIMPSON, Circuit Judges.

PER CURIAM:

On or about February 11, 1970, Jor-
dan White, the plaintiff-appellee, an em-
ployee covered by the Texas Workmen's
Compensation Act, sustained bodily inju-
ries within the course and scope of his
employment. In due course, in accord-
ance with Texas procedures, the In-
dustrial Accident Board made an award
on the claim, with which White was dis-
satisfied. He had twenty days in which
to seek appropriate redress in the Texas
courts or, in case of diversity, in the ap-
propriate United States district court.
On April 9, 1971, White filed his origi-
nal complaint in the United States Dis-
trict Court for the Western District of
Texas. He alleged that he was a resi-

---

* [1] Rule 18, 5th Cir.; see Isbell Enter-
prises, Inc. v. Citizens Casualty Co. of
New York et al., 5 Cir., 1970, 431 F.2d
409, Part I.

dent of Texas and that the defendant compensation carrier was "a foreign corporation organized under the laws of a State other than the State of Texas but authorized to do business in Texas" and that the amount in controversy exceeded the sum of $10,000, etc. In other words, the plaintiff invoked the diversity jurisdiction of the federal district court.

 It turned out, and the plaintiff so stipulated below, that the defendant compensation carrier was incorporated in the State of Texas and no diversity existed. This, of course, means that the federal district court was, from the very inception of the litigation, wholly without diversity jurisdiction. The plaintiff discovered this unhappy development after it was too late to file his suit in the State Court. He sought to remedy the predicament by moving the district court to remand the case to the state court, contending that since the defendant "purposefully" waited until after the expiration of the Texas statutory twenty days to inform plaintiff's counsel that the insurance carrier was a Texas company, that "it would be equitable to remand this case to the State Court so that plaintiff's cause of action could not be defeated".

The District Court was "of the opinion that justice required that this case should be transferred to the Bexar County District Court", and it was so ordered.

This action of the District Court must be reversed, with directions to dismiss the complaint. See Rule 12(h) (3) of the Federal Rules of Civil Procedure, which expressly provides:

> "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

See, also, Atlantic Ship Rigging Company v. McLellan, 3 Cir., 1961, 288 F.2d 589.

This appeal presents no question of "remand" to the State Courts because the case had not been filed there in the first place.

Reversed, with directions.