166 N.J. Super. 392 (1979)
399 A.2d 1052
KEVIN GALLIGAN, AS ADMINISTRATOR AD PROSEQUENDUM FOR THE HEIRS-AT-LAW AND THE ESTATE OF MARY F. GALLIGAN, PLAINTIFF,
v.
WESTFIELD CENTRE SERVICE, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS, AND CHRYSLER CORPORATION, A CORPORATION OF THE STATE OF DELAWARE AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
JAMES GALLIGAN AND SHARON GALLIGAN, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 20, 1979.
*395 Mr. David J. Meeker for plaintiff.
Mr. Clifford J. Sheehan for defendant (Messrs. Hueston, Hueston & Sheehan, attorneys).
Mr. William R. Bumgardner for third-party plaintiff (Messrs. Conway, Reiseman, Bumgardner, Hurley & Kleinfeld, attorneys).
Mr. Vincent K. Loughlin, formerly for plaintiff, submitted brief only (Messrs Johnstone & O'Dwyer, attorneys).
DREIER, J.S.C.
Defendants have moved for an order dismissing the survival action count of this wrongful death complaint for failure to comply with the applicable two-year statute of limitations, N.J.S.A. 2A:14-2. Plaintiff's original counsel, having been given notice of this motion at the request of this court, submitted a brief in opposition to the motion. The facts are uncontroverted; thus the motion may now be determined as one for summary judgment. R. 4:6-2; R. 4:46; cf. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954).
*396 Plaintiff's decedent, Mary Galligan (Galligan), was injured in an automobile accident on April 17, 1975. She died on May 19, 1975, allegedly from injuries sustained in the accident. Plaintiff, through his original attorney, filed suit against defendants in the United States District Court for the District of New Jersey on April 14, 1977, asserting both wrongful death and survival claims. On May 11, 1977, the federal judge dismissed the complaint for lack of diversity of citizenship; however, on May 9, 1977, plaintiff had filed an identical complaint in New Jersey Superior Court. Defendants here seek dismissal of the survival action, based upon plaintiff's failure to file suit in the Superior Court within two years after plaintiff's cause of action accrued.
The applicable limitations statute, N.J.S.A. 2A:14-2, states:
Every action at law for injuries to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued.
There is no dispute that plaintiff's cause accrued when Galligan was injured in the accident on April 17, 1975, Rosenau v. New Brunswick, 51 N.J. 130 (1968), or that the complaint was filed in Superior Court more than two years after the accrual of the cause of action. For that filing to have tolled the New Jersey statute before the limitation period expired, the federal proceedings must have been such as to have prevented enforcement of the same remedy by an action in the state court. Nix v. Spector Freight Systems, Inc., 62 N.J. Super. 213, 223 (App. Div. 1960). Since the Federal District Court had no jurisdiction, the action could not have prevented this court from proceeding on the matter.
Plaintiff attempted to cure the defect by filing in the Superior Court before the federal action was dismissed, arguing here that because there was no gap between the dismissal of the federal action and the commencement of the state action, *397 the limitations statute was satisfied by the federal filing. This argument, unfortunately, must be rejected. The state filing was late, and the federal court lacked both jurisdiction and the power to transfer the case to our court. Nix, supra; see also Kaczmarek v. N.J. Turnpike Auth., 77 N.J. 329, 343 (1978).
There are related circumstances in which the tolling of a limitations period will be recognized by our courts, though such cases involve statutes which permit the court by their very terms to consider the equities of the parties' positions. In Kaczmarek, supra at 337-339, the court applied N.J.S.A. 32:13A-5.4(c), which requires an unfair labor charge to be brought before an administrative board within six months unless there is a showing that the action was in some way prevented. Kaczmarek quotes extensively from Burnett v. N.Y. Central R. Co., 380 U.S. 424, 85 Sup.Ct. 1050, 13 L.Ed.2d 91 (1965), which, in turn, involved another flexible limitations statute in a situation where the original action had been dismissed for improper venue. Both Kaczmarek and Burnett reject a mechanistic approach if the policies behind limitations statutes, such as repose and prevention of prejudice to defendants, are outweighed by plaintiff's diligence. However, the Kaczmarek court recognized that it was dealing in an exceptional situation, noting that "[o]rdinarily, the commencement of an action in a court which lacks jurisdiction of the subject matter will not toll the statute of limitation." Id. 77 N.J. at 343. There the court before which the action was originally heard had the power to transfer the case to the proper administrative agency, and should have done so. Kaczmarek, supra 77 N.J. at 344. Of course, the transfer of actions within the state courts is permitted and is governed by R. 4:3. But these state rules do not and cannot contemplate transfer of cases between state and federal courts.
The "John Doe" practice also is well established. See Aruta v. Keller, 134 N.J. Super. 522 (App. Div. 1975), and Farrell v. Votator Div. of Chemetron Corp., 62 N.J. *398 111 (1973). In those cases, when a complaint, timely filed in the correct court, discloses with some specificity a defendant whose name has not yet been ascertained and who has thus been pled only as "John Doe," the complaint may later be amended to add that identified party even if the limitation period has run. (But see Britt v. Arvanitis, 590 F.2d 57 (3d Cir.1978), where the Court of Appeals held the "John Doe" exception inapplicable in federal court.)
When the limitation invoked by a defendant arises out of a contract clause rather than by a statute, the institution of a second suit in New Jersey will be allowed while the original action initiated pursuant to the contract is still pending in another jurisdiction, though the shorter contractual limitation period expired before the New Jersey action was commenced. Hourly Messengers, Inc. v. Insurance Co. of North America, 163 N.J. Super. 276 (App. Div. 1978).
This case is not one to which the doctrine of equitable estoppel may be applied. There are no facts indicating that plaintiff's failure to institute the action prior to the running of the statute was caused by any wrongful act of defendants. See Kyle v. Green Acres at Verona, Inc., 44 N.J. 100 (1965); State v. U.S. Steel Corp., 22 N.J. 341 (1956). There were no settlement negotiations or discussions prior to institution of suit from which the intentional leading-on of plaintiffs may be inferred. See Friedman v. Friendly Ice Cream Co., 133 N.J. Super. 333 (App. Div. 1975). There is no evidence whatsoever that defendants lulled plaintiff into a false sense of security and thus caused plaintiff to subject himself to the bar of the statute. See Howard v. West Jersey, etc., R.R. Co., 102 N.J. Eq. 517 (Ch. 1928). Plaintiff did not file the first complaint until three days before the New Jersey statute ran. Defendants were not even in a position to contemplate defensive strategy by the time the limitations period had run.
The present case does not fall into any of the above exceptional categories. The limitations statute is absolute in its terms; no discretion is left to the court. N.J.S.A. *399 2A:14-2. Nix v. Spector Freight Systems, Inc., supra. Though defendants may have suffered no actual prejudice, this statute requires "nothing more than a mere lapse of time." See Fidelity Deposit Co. of Maryland v. Abagnale, 97 N.J. Super. 132, 140 (Law Div. 1967).
While this court is bound by law to reject the application here of equitable doctrines available in the above-cited situations, it is hoped that a new exception for this fact pattern will be provided by appellate or legislative authority. A majority of states have enacted "saving statutes," recognizing the unfairness of barring a party's claims solely because a timely prior action is dismissed due to a procedural flaw. See the compilation in Burnett, supra 380 U.S. at 946, 85 S.Ct. 1050. A number of states also have judicially recognized the tolling of limitation statutes in procedural situations identical to this one. See Annotation, "Statute permitting new action after failure of original action commenced within period of limitation, as applicable in cases where original action failed for lack of jurisdiction," 6 A.L.R.3d 1060 (1966). The repose doctrine, arguments of prejudice and assertions of the danger in prosecuting stale claims are unconvincing in the face of the facts of this case. All parties were alerted to the existence of, and at least one defendant in fact answered, the original complaint, which was filed within the two-year period in a New Jersey Federal court located only a few miles from this courthouse.
Granting the motion will result only in the exchange of insurance carriers; defendant's insurer will be replaced by that of plaintiff's original counsel. The court system is saved nothing. A burden on one insurance company balances a windfall to another. This court, however free to criticize this state of the law, may not disobey what are apparently binding appellate precedents. Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 415 (1961); Dunham's & Co. v. Dzurinko, 125 N.J. Super. 296 (App. Div. 1973).
Defendant's motion to dismiss the second count of the complaint is granted.