KEVIN GALLIGAN, AS ADMINISTRATOR AD PROSEQUENDAM FOR THE HEIRS-AT-LAW AND THE ESTATE OF MARY F. GALLIGAN, PLAINTIFF-APPELLANT, v. WESTFIELD CENTRE SERVICE, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

CHRYSLER CORPORATION, A CORPORATION OF THE STATE OF DELAWARE AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT AND THIRD PARTY PLAINTIFF-RESPONDENT, v. JAMES GALLIGAN AND SHARON GALLIGAN, THIRD PARTY DEFENDANTS.

Argued December 10, 1979—Decided March 13, 1980.

*David J. Meeker* argued the cause for appellant (*David J. Meeker*, attorney; *John L. Conover*, on the brief).

*Douglas P. Kleinfeld* argued the cause for respondent Chrysler Corporation (*Conway, Reiseman, Bumgardner, Hurley & Kleinfeld*, attorneys).

*Clifford J. Sheehan* argued the cause for respondent Westfield Centre Service, Inc. (*Hueston, Hueston & Sheehan,* attorneys).

The opinion of the Court was delivered by

PASHMAN, J.

We granted plaintiff leave to appeal, 81 *N.J.* 334, 407 *A.2d* 1208 (1979), to consider whether the two-year statute of limitations for personal injury actions, *N.J.S.A.* 2A:14–2, may be tolled by the filing of a complaint in federal court which lacked subject matter jurisdiction. We hold that it may.

On April 14, 1977, plaintiff filed a complaint in the United States District Court for the District of New Jersey on behalf of the estate of Mary F. Galligan. The complaint asserted wrongful death and survival claims against Westfield Centre Service, Inc. and Chrysler Corporation arising from an automobile accident on April 17, 1975. Ms. Galligan died on May 19, 1975, allegedly as a result of injuries suffered in that accident.

Although plaintiff claimed diversity of citizenship as the basis for invoking federal court jurisdiction, see 28 *U.S.C.A.* § 1332(a), both he and defendant Westfield Centre Service, Inc., a New Jersey corporation, were citizens of New Jersey for jurisdictional purposes, see 28 *U.S.C.A.* § 1332(c). Because of this patent lack of diversity, see, *e. g., Strawbridge v. Curtiss,* 7 *U.S.* (3 *Cranch*) 267, 2 *L.Ed.* 435 (1806); 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3605 at 616–618 (1975), the federal court dismissed the complaint for want of jurisdiction on May 11, 1977.

Two days earlier, while the motion to dismiss was still pending in the federal court, plaintiff filed a substantively identical complaint in the Superior Court, Law Division. Since this latter filing occurred two years and 22 days after the accrual of plaintiff's survival claim—the date of the accident, see *Rosenau v. New Brunswick,* 51 *N.J.* 130 (1968)—defendants moved to

dismiss that cause of action as barred by the two-year statute of limitations, *N.J.S.A.* 2A:14–2.[1]  The trial court granted the motion.[2]  166 *N.J.Super.* 392 (Law Div.1979).  It found that none of several existing exceptions to strict imposition of the statutory time limitation was applicable.  *Id.* at 398–399.  Noting that "the federal court lacked both jurisdiction and the power to transfer the case to [State] court," the court viewed as irrelevant the timely filing of a federal complaint.  *Id.* at 397; see *Nix v. Spector Freight System, Inc.*, 62 *N.J.Super.* 213 (App.Div.1960).[3]  Plaintiff sought leave to appeal to the Appellate Division, but that court denied his motion without addressing the merits of the trial court's dismissal.  We now reverse the trial court.

Although statutes of limitations are of legislative origin, their harshness and lack of definitional clarity have led courts to develop a common law of limitations.  *Farrell v. Votator Div. of Chemetron Corp.*, 62 *N.J.* 111, 121 (1973);  *Fernandi v. Strully*, 35 *N.J.* 434, 439 (1961);  see, *e. g., Kaczmarek v. New Jersey Turnpike Auth.*, 77 *N.J.* 329 (1978);  *White v. Violent Crimes Compensation Bd.*, 76 *N.J.* 368 (1978);  *Lopez v. Swyer*, 62 *N.J.* 267 (1973);  *Kyle v. Green Acres at Verona, Inc.*, 44 *N.J.* 100 (1965).  The doctrines so fashioned attempt to implement fully the underlying legislative purposes to avoid the injustice which would result from a literal reading of the general statutory language.

The most important of these purposes recognizes that eventual repose creates desirable security and stability in human

---

[1]That statute provides:

> Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued.

[2]Substituted counsel has represented the plaintiff from the time defendants' motion to dismiss was argued.

[3]In dismissing plaintiff's survival claim, Judge Dreier expressed the hope "that a new exception for this fact pattern will be provided by appellate or legislative authority.  * * *  This court, however free to criticize this state of the law, may not disobey what are apparently binding appellate precedents." 166 *N.J.Super.* at 399 (citations omitted).

affairs. Thus statutes of limitations compel the exercise of a right of action within a specific, reasonable period of time. See *Tevis v. Tevis,* 79 *N.J.* 422, 430 (1979); *Farrell,* 62 *N.J.* at 115; *State v. United States Steel Corp.,* 22 *N.J.* 341, 358 (1956); see also *Wood v. Carpenter,* 101 *U.S.* 135, 139, 25 *L.Ed.* 807, 808 (1879); Holmes, "The Path of the Law," 10 *Harv.L.Rev.* 457, 477 (1897).

Separate from the opposing parties' interest in repose is their ability to answer the allegations against them. Statutes of limitations reflect the importance of both. By penalizing unreasonable delay, such statutes induce litigants to pursue their claims diligently so that answering parties will have a fair opportunity to defend. See *Kaczmarek,* 77 *N.J.* at 337; *Union City Housing Auth. v. Commonwealth Trust Co.,* 25 *N.J.* 330, 335 (1957). Another purpose of limitation periods is "to spare the courts from litigation of stale claims." *State v. Standard Oil Co.,* 5 *N.J.* 281, 295 (1950), aff'd *sub nom. Standard Oil Co. v. New Jersey,* 341 *U.S.* 428, 71 *S.Ct.* 239, 95 *L.Ed.* 1078 (1951) (quoting *Chase Securities Corp. v. Donaldson,* 325 *U.S.* 304, 314, 65 *S.Ct.* 1137, 1142, 89 *L.Ed.* 1628, 1635 (1945)); see *Kaczmarek,* 77 *N.J.* at 337; *Farrell,* 62 *N.J.* at 115. Once memories fade, witnesses become unavailable, and evidence is lost, courts no longer possess the capacity to distinguish valid claims from those which are frivolous or vexatious. See *Kaczmarek,* 77 *N.J.* at 338; *Lopez,* 62 *N.J.* at 274; *Union City Housing Auth.,* 25 *N.J.* at 335. Scarce judicial resources are therefore best conserved for litigation timely commenced.

▮ Unswerving, "mechanistic" application of statutes of limitations would at times inflict obvious and unnecessary harm upon individual plaintiffs without advancing these legislative purposes. See *White,* 76 *N.J.* at 378–379. On numerous occasions we have found "such particular circumstances as to dictate not the harsh approach of literally applying the statute of limitations but the application of the more equitable and countervailing considerations of individual justice." *Kyle,* 44 *N.J.* at 109. See, *e. g., Kaczmarek,* 77 *N.J.* at 338; *Fox v. Passaic Gen'l*

*Hosp.*, 71 *N.J.* 122, 125–126 (1976); *Lopez*, 62 *N.J.* at 273–274. A "just accommodation" of individual justice and public policy requires that "in each case the equitable claims of opposing parties must be identified, evaluated and weighed." *Id.* at 274. Whenever dismissal would not further the Legislature's objectives in prescribing the limitation, the plaintiff should be given an opportunity to assert his claim. See *Kaczmarek*, 77 *N.J.* at 338; *White*, 76 *N.J.* at 379.

It has been recognized that a mistake in the selection of a court having questionable or defective jurisdiction should not defeat tolling of the statute when all other purposes of the statute of limitations have been satisfied. *Cf. Burnett v. N.Y. Cent. R. Co.*, 380 *U.S.* 424, 85 *S.Ct.* 1050, 13 *L.Ed.2d* 941 (1965) (filing of FELA suit in state court which was dismissed for improper venue satisfied all of the purposes behind the statute of limitations; therefore later filing of the suit in federal court before the state action was dismissed but after the statute has run was timely); *Nichols v. Canoga Industries*, 83 *Cal.App.3d* 956, 148 *Cal.Rptr.* 459 (Ct.App.1978) (filing of state and federal claims in federal district court which dismissed all claims because federal statute of limitations had run on federal claims tolled state statute of limitations for state claim; equity permits tolling especially when there is no prejudice to defendant and even though state action was brought after federal suit was dismissed); *Barber v. Tuothy*, 33 *Mich.App.* 169, 189 *N.W.2d* 722 (Ct.App.1971) (substantial compliance with statute of limitations is enough to toll it; minor defects unimportant).

Examining the circumstances of this case, we find that giving effect to the filing of the complaint in federal court within the limitations period does no violence to the purposes underlying *N.J.S.A.* 2A:14–2. The federal complaint stated claims identical to those now before us. Defendants concede that the mere lapse of 22 days will not prejudice them on the merits if they are required to litigate the circumstances of the deceased's automobile accident. *Cf. R.L. Mulliken, Inc. v. Englewood*, 59 *N.J.* 1, 4 (1974). Timely notice of plaintiff's survival

claims—albeit by the unconventional vehicle of a jurisdictionally deficient complaint—has alerted defendants to the possibility of having to defend against the allegations. Since the passage of an additional 22 days has impaired neither the defendants' ability to litigate nor the court's capacity to adjudicate, plaintiff's cause of action has not become "stale."

Defendants' repose in reliance upon the passage of time would not be justified in this case. While the federal action against them was still pending, defendants received notice that plaintiff was seeking redress in a State forum. Once the federal complaint was filed, defendants' sense of security could not reasonably exist before a dismissal. This is true despite the patent lack of federal jurisdiction. The principle of repose has its foundation in what Holmes called "the deepest instincts of man," Holmes, *supra*, 10 *Harv.L.Rev.* at 477, not in abstract notions of jurisdiction. Prohibiting this plaintiff from vindicating his claims in a State forum would not advance the Legislature's desire for "security and stability in human affairs."

Finally, "the filing of a lawsuit itself shows the proper diligence on the part of the plaintiff which statutes of limitations were intended to insure." *Kaczmarek*, 77 *N.J.* at 341 (quoting *Goldawr, Inc. v. Heiman*, 369 *U.S.* 463, 467, 8 *L.Ed.2d* 39, 42 (1962)). Since the plaintiff exhibited this very diligence before the expiration of two years from the date of the accident, he cannot be said to have "slept on his rights." *Id.* The sole cause of plaintiff's failure to commence an action properly is his former counsel's mistaken notion of the rudiments of federal court jurisdiction. We have previously noted that "it seems inequitable that an injured person * * * should be denied his day in court solely because of his ignorance, if he is otherwise blameless." *Lopez*, 62 *N.J.* at 274. When the ignorance is not the plaintiff's, but that of his previous attorney, it would be even more unjust to deny him an opportunity to prosecute his cause of action. Accordingly, we find that there was at least "minimal substantial compliance," *Grubb v. J.C. Penney Co.*,

*Inc.*, 155 *N.J.Super.* 103, 106 (App.Div.1978), with the requirements of the limitations statute.

None of the purposes of *N.J.S.A.* 2A:14–2 would be served by dismissing plaintiff's survival cause of action. We therefore hold that in the circumstances of this case, the filing of a complaint in federal court suspended the running of the statutory period of limitations.[4] The present suit for the deceased's surviving claims was thus timely commenced. The judgment of the trial court is reversed and the matter remanded for further proceedings.

POLLOCK, J., dissenting.

The issue in this case is whether New Jersey's statute of limitations for personal injury actions is tolled by the filing of a complaint in a court having no colorable jurisdiction over the subject matter of the controversy.

Plaintiff's decedent was injured in an automobile accident on April 17, 1975, and died on May 19, 1975. On April 14, 1977, three days before the expiration of the statute of limitations affecting survival claims, plaintiff filed a complaint in the United States District Court setting forth wrongful death and survival claims.

Alleging diversity of citizenship as a basis for jurisdiction, the complaint stated that plaintiff was a resident of New Jersey, defendant Westfield Centre Service was a New Jersey corporation, and defendant Chrysler Corporation was a Delaware corporation. *See* 28 *U.S.C.* § 1332. On its face, the complaint demonstrated a lack of diversity. The District Court judge issued an order to show cause on April 28, 1977, and dismissed the complaint on May 11, 1977, for lack of subject matter jurisdiction.

---

[4]We express no opinion regarding the continuing validity of *Nix v. Spector Freight System, Inc.*, 62 *N.J.Super.* 213 (App.Div.1960), in view of the peculiar statutory policies concerning litigation under the Arbitration Act, *N.J.S.A.* 2A:24–1 *et seq.*

Plaintiff filed a complaint asserting the same causes of action in the Superior Court on May 9, 1977, 22 days after the statute of limitations had run as to the survival claims. On defendants' motion, that court dismissed the survival action because it was barred by the statute of limitations. *Galligan v. Westfield Centre Service, Inc.*, 166 *N.J.Super.* 392 (Law Div.1979). The Appellate Division unanimously denied plaintiff's motion for leave to appeal.

The majority reverses the decision of the Appellate Division and holds that the filing of the action in the United States District Court tolls the statute of limitations even though there was no diversity of citizenship between plaintiff and defendant Westfield Centre Service. I respectfully dissent.

This case is controlled by fundamental principles of federal jurisdiction, statutory construction, and separation of powers. The United States District Courts are courts of limited jurisdiction. *See U.S.Const.* Art. III. They have only whatever jurisdiction is conferred by Congress. *Sheldon v. Sill*, 49 *U.S.* (8 *How.*) 441, 449, 12 *L.Ed.* 1147, 1151 (1850). Congress conferred jurisdiction on United States District Courts over cases where the parties are of diverse citizenship in 28 *U.S.C.* § 1332. Under that statute, the citizenship of each plaintiff must be different from the citizenship of each defendant. *Strawbridge v. Curtiss*, 7 *U.S.* (3 *Cranch.*) 267, 2 *L.Ed.* 435 (1806). That is, there must be complete diversity between the plaintiff and defendants.

As the majority recognizes, the complaint showed a "patent lack of diversity" and indicated ignorance of "the rudiments of federal court jurisdiction." I agree. The filing of the complaint in the federal district court amounted to no more than a blur on the record. There never was a cause of action pending in a court of competent jurisdiction.

The relevant statute of limitations, *N.J.S.A.* 2A:14–2, provides that every action for injuries "shall be commenced within 2 years next after the cause of any such action shall have accrued." The words of the statute are clear and do not provide

for an exception. There is no legislative history suggesting that the Legislature ever contemplated tolling the statute where an action is instituted in a court with no subject matter jurisdiction.

In general, the majority opinion suggests policy reasons that might persuade a legislature to enact a "saving statute". In many states, legislatures have enacted saving statutes that allow a plaintiff whose case has béen dismissed otherwise than on the merits to pursue the action even though the statute of limitations has run. *See generally* Annotation, 6 *A.L.R.*3d 1043 (1966). However, the New Jersey Legislature has not enacted a saving statute. The majority cites no case or other authority justifying amending the statute by judicial, rather than legislative, action.

No case cited by the majority holds that the statute is tolled by filing a complaint in a court without subject matter jurisdiction. Rather, the majority relies on cases where an action was commenced in a court competent to hear or transfer the case. For example in *Kaczmarek v. New Jersey Turnpike Authority*, 77 *N.J.* 329 (1978), plaintiff alleged the Turnpike Authority committed an unfair labor practice in firing him. The New Jersey Employer-Employee Relations Act, *N.J.S.A.* 34:13A–1 *et seq.*, had a six-month statute of limitations. Plaintiff filed a complaint with the Superior Court within six months of discharge. However, he did not file an action with the Public Employment Relations Commission (PERC) until after six months. The trial court dismissed the action because it should have been filed with PERC within six months. This Court reversed, reasoning that the Superior Court had the power to transfer the action to PERC and that the trial judge erred in not exercising that power. 77 *N.J.* at 343–344. The Court also concluded that, under the peculiar circumstances of the case, plaintiff was "prevented" from filing within time and that the policies of the Act would not be served by enforcing the limitation. *Id.* at 337–340.

In the present case, the United States District Court never had jurisdiction of the action, and even if that court had jurisdiction, it did not have the power to transfer the action to the state courts. No statute authorizes a federal court to transfer such an action to state courts. *See White v. Commercial Std. Fire & Marine Co.*, 450 *F.*2d 785, 786 (5th Cir. 1971). A federal court may not transfer an action commenced in that court to a state court. A federal court may remand an action to a state court only if the action was commenced in the state court and then removed to a federal court. *See* 28 *U.S.C.* §§ 1447 *et seq. See, e. g., Edward Hansen, Inc. v. Kearny Post Office Assocs.*, 166 *N.J.Super.* 161 (Ch.Div.1979).

The majority also relies on this Court's decision in *White v. Violent Crimes Compensation Board*, 76 *N.J.* 368 (1978). That case involved a period of limitations that was a substantive condition of the right to compensation of a victim of a violent crime. Plaintiff was the victim of a "brutal criminal assault and rape". *Id.* at 370. The majority noted the "humanitarian" purpose of the Criminal Injuries Compensation Act, *N.J.S.A.* 52:4B–1, *id.* at 381, and concluded that the period of limitations should be tolled because of the "victim's crime induced incapacity" during that period. *Id.* at 384. There is no suggestion that the statute of limitations involved in this case is designed to accommodate similar substantive concerns.

The original action in *Burnett v. New York Cent. R.R. Co.*, 380 *U.S.* 424, 85 *S.Ct.* 1050, 13 *L.Ed.*2d 941 (1965), was filed in a state court of competent jurisdiction. That action was dismissed because of improper venue. A subsequent action was filed in a federal district court. The United States Supreme Court held that the subsequent action was not barred by the statute of limitations. In *Nichols v. Canoga Industries*, 83 *Cal.App.*3d 956, 148 *Cal.Rptr.* 459 (Ct.App.1978), a complaint was filed in a United States District Court asserting a claim under federal securities law and a pendent state claim for breach of contract under state law. That action was dismissed because the statute

of limitations had run on the federal securities law claims. Thereafter, plaintiff filed a complaint asserting the breach of contract action in a state court. That court held the filing of the action in the United States District Court tolled the statute of limitations on the breach of contract action. Although the United States District Court initially had subject matter jurisdiction over the federal claims and the pendent state claims, the court declined to exercise jurisdiction over the state claims once the federal action was dismissed. Both *Nichols* and *Burnett* are distinguishable because the original actions in those cases were filed in courts with subject matter jurisdiction.

The other cases on which the majority relies also are distinguishable: *Tevis v. Tevis*, 79 *N.J.* 422 (1979) (interspousal immunity did not prevent cause of action from accruing); *Lopez v. Swyer*, 62 *N.J.* 267 (1973) (cause of action does not accrue until it is "discovered"); *Farrell v. Votator Div. of Chemetron Corp.*, 62 *N.J.* 111 (1973) (amendment of complaint to name previously unknown defendant after statute has run is proper); *Kyle v. Green Acres at Verona, Inc.*, 44 *N.J.* 100 (1965) (insanity may toll the statute of limitations); *Fernandi v. Strully*, 35 *N.J.* 434 (1961) (discovery rule).

Justice Holmes, on whom the majority relies, described the proper role of a court in reviewing legislation. He wrote: "I recognize without hesitation that judges do and must legislate, but they can do so only interstitially; they are confined from molar to molecular motions." *Southern Pacific Co. v. Jensen*, 244 *U.S.* 205, 221, 37 *S.Ct.* 524, 531, 61 *L.Ed.* 1086, 1100 (1916) (dissenting). A court may fill in the gaps in legislation. However, a court should not usurp the legislative function. In this case, that principle means that this Court should not undertake to amend the statute of limitations by judicial fiat.

Respect for the Legislature as a co-equal branch of government compels deference to its legislative judgment and applica-

tion of *N.J.S.A.* 2A:14–2 as enacted. The New Jersey Legislature, unlike legislatures in some other jurisdictions, has not provided for the tolling of a statute of limitations where an action for personal injuries is dismissed without determination on the merits. Accordingly, I would affirm the Appellate Division.

Justice CLIFFORD joins in this dissenting opinion.

*For reversal and remandment* —Justices SULLIVAN, PASHMAN and HANDLER—3.

*For affirmance* —Justices CLIFFORD and POLLOCK—2.