**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3404
_____

KHONGSANA SOUMPHONPHAKDY,
                                                            Appellant

v.

MARY J. WALILKO; GEICO

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:19-cv-16830)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on May 26, 2020

Before: JORDAN, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: June 11, 2020)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant Khongsana Soumphonphakdy appeals the District Court's order

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

dismissing his complaint. For the reasons discussed below, we will vacate the District Court's judgment and remand for further proceedings.

Soumphonphakdy filed a complaint in the U.S. District Court for the District of New Jersey, alleging that the defendant had injured him in a car accident. He also filed a request to proceed in forma pauperis (IFP). The District Court entered an order granting the IFP application and sua sponte dismissing the complaint. In its order, the court concluded that the complaint was barred by New Jersey's two-year statute of limitations for personal-injury actions because the accident had occurred on February 14, 2017, and Soumphonphakdy had not filed until August 15, 2019. Soumphonphakdy filed a motion seeking permission to file an amended complaint, which the District Court denied, and a notice of appeal.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.[1] We review the District Court's order de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).

The District Court sua sponte dismissed the complaint based entirely upon its conclusion that the action was barred by New Jersey's pertinent statute of limitations. See N.J. Stat. Ann. § 2A:14-2; Giannakopoulos v. Mid State Mall, 106 A.3d 507, 516 (N.J. Super. Ct. App. Div. 2014). Ordinarily, a statute of limitations is an affirmative defense that must be pleaded and that is subject to waiver. See Chainey v. Street, 523 F.3d 200, 209 (3d Cir.

---

[1] Soumphonphakdy's appeal is timely because his motion to file an amended complaint tolled the time to appeal. See Fed. R. App. P. 4(a)(4)(A)(iv)–(vi); Ahmed v. Dragovich, 297 F.3d 201, 208–09 (3d Cir. 2002).

2008). While in some circumstances it may be appropriate for a district court to dismiss a complaint sua sponte based on the statute of limitations, it should not do so "unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009).

Here, the District Court did not provide notice to Soumphonphakdy, and it is not clear that tolling in unavailable. On appeal, Soumphonphakdy has argued that his federal action is timely because he filed a complaint in New Jersey state court asserting the same claim before the limitations period expired. Soumphonphakdy may be entitled to tolling of the statute of limitations based on that previous action, as there is a "long line of New Jersey cases [which] have held that the filing of an action in one forum will toll the statute of limitations during the pendency of that proceeding." Jaworowski v. Ciasulli, 490 F.3d 331, 335 (3d Cir. 2007) (alteration in original) (quoting Staub v. Eastman Kodak Co., 726 A.2d 955, 965 (N.J. Super. Ct. App. Div. 1999)); see also Galligan v. Westfield Ctr. Serv., Inc., 412 A.2d 122, 125 (N.J. 1980) (concluding that tolling during the pendency of a prior action was appropriate because the delay would not prejudice defendants, the earlier filing gave defendants notice that the plaintiff was seeking redress, and the prior filing established plaintiff's diligence).[2] The District Court did not address this issue in its opinion.

---

[2] In evaluating the timeliness of Soumphonphakdy's action, we apply New Jersey law. See Jaworowski, 490 F.3d at 333. New Jersey courts typically apply the tolling rule described above when the first action was dismissed for a jurisdictional reason. See Galligan, 412 A.2d at 125 (first action dismissed for lack of federal jurisdiction); Mitzner v. W. Ridgelawn Cemetery, Inc., 709 A.2d 825, 826 (N.J. Super. Ct. App. Div. 1998) (first action dismissed for lack of personal jurisdiction). The Appellate Division of the Superior

3

"Because this calculus is necessarily fact-sensitive, whether it is appropriate to equitably toll the statute of limitations in this action should be determined by the District Court in the first instance." Jaworowski, 490 F.3d at 336. Accordingly, we will vacate the District Court's judgment and remand for further proceedings.[3]

---

Court has held that the tolling rule will not apply if the dismissal in the first action was "based on a determination related to the merits of the claim." Schmidt v. Celgene Corp., 42 A.3d 892, 899 (N.J. Super. Ct. App. Div. 2012). The record as it presently exists does not show how Soumphonphakdy's state action was resolved, and we will leave it to the District Court to determine in the first instance whether it was resolved in a way that implicates the tolling rule.

[3] We express no opinion about whether Soumphonphakdy is entitled to tolling, whether other defenses apply, or the merits of Soumphonphakdy's claims.