# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0061-21

MICHAEL J. WEST,

    Plaintiff-Appellant,

v.

TOWN OF SECAUCUS and
MICHAEL J. GONNELLI,
Individually and in his
Official Capacity as Mayor
of Secaucus,

    Defendants-Respondents.

_____

        Submitted May 3, 2022 – Decided June 24, 2022

        Before Judges DeAlmeida and Berdote Byrne.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3634-20.

        Michael J. West, appellant pro se.

        Piro, Zinna, Cifelli, Paris & Genitempo, LLC, attorneys for respondents (Kristen Jones, on the brief).

PER CURIAM

In this appeal, we consider the trial court's dismissal of two counts of plaintiff's complaint with prejudice for failure to meet the relevant statutes of limitations, and dismissal of the malicious prosecution count without prejudice pursuant to Rule 4:6-2(e) for failure to state a claim upon which relief may be granted.

Plaintiff alleges he lacked the requisite mental capacity to timely file his complaint but later regained capacity, and the time period for filing the complaint should be tolled during the time he allegedly lacked capacity. He also claims his constitutional due process rights entitled him to an evidentiary hearing regarding his alleged incapacity before dismissal of his pleading. Based upon our review of the record and applicable law, we are satisfied there is sufficient evidence in the record to support dismissal of all three counts of plaintiff's complaint. Accordingly, we affirm for the reasons set forth by Judge Kimberly Espinales-Maloney in her thorough statement of reasons rendered on August 6, 2021. We add the following comments.

This action arises from the alleged malicious prosecution of plaintiff by defendants. Plaintiff concedes he wrote and posted a note on public property that read "the mayor is out of control with his draconian rules & somebody must cap his ass," referring to the Mayor of Secaucus. Plaintiff was charged with

2

making terroristic threats. The matter was downgraded and transferred to municipal court in Essex County, where plaintiff was found guilty of harassment pursuant to N.J.S.A. 2C:33-4(a) after trial. He appealed, seeking a trial before the Law Division. Instead of conducting a de novo trial, the judge questioned plaintiff sua sponte and concluded plaintiff was guilty of harassment because he knew what "cap his ass" meant at the time he wrote the note. Plaintiff appealed. We reversed on January 3, 2020, concluding the Law Division did not adhere to Rule 3:23-8(a)(2) because it did not afford plaintiff a de novo trial on the substantive issues. State v. West, No. A-5412-15 (App. Div. Jan. 3, 2020). We also found the State did not satisfy its burden of proof because neither of the two witnesses who testified -- plaintiff and the mayor -- established what "cap his ass" meant. Ibid.

Plaintiff did not file a tort claim notice within ninety days of our decision. However, plaintiff's motion for leave to file a late notice of claim was granted on December 30, 2020.

Plaintiff filed the complaint five months later, on May 28, 2021,[1] for acts he alleges occurred on September 25, 2014. Defendants moved, pursuant to Rule 4:6-2(e) to dismiss count one, false light invasion of privacy and

---

[1] There was no explanation provided for the five-month delay in the record.

A-0061-21

defamation (libel, slander, false light invasion), and count two, negligent infliction of emotional distress, for failure to meet the requisite statutes of limitations. Defendants also moved to dismiss count three, malicious prosecution, for failure to state a claim upon which relief may be granted because they claim they had probable cause to prosecute plaintiff. Plaintiff opposed the motion to dismiss and filed a cross-motion for an evidentiary hearing. The trial court dismissed counts one and two with prejudice and count three without prejudice. It also denied an evidentiary hearing.

When considering a motion to dismiss pursuant to Rule 4:6-2(e) for failure to state a claim, the court's inquiry is limited to an examination of the "legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989).[2] In that regard, the court is not concerned with a plaintiff's ability to prove the allegation. Ibid. Instead, courts must "[search] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim . . . ." Ibid. (quoting Di Cristofaro v. Laurel Grove Memorial Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). In addition, courts

---

[2] We review the trial court's findings de novo. See Royster v. N.J. State Police, 227 N.J. 482, 493 (2017).

A-0061-21

must accept as true the facts alleged in the complaint and construe all reasonable inferences of fact in favor of plaintiff. Craig v. Suburban Cablevision, Inc., 140 N.J. 623, 625-26 (1995). A motion to dismiss "may not be denied based on the possibility that discovery may establish the requisite claim; rather, the legal requisites for plaintiffs' claim must be apparent from the complaint itself." Edwards v. Prudential Prop. & Cas. Co., 357 N.J. Super. 196, 202 (App. Div. 2003) (citing Camden Cnty. Energy Recovery Assocs., L.P. v. N.J. Dep't of Env't. Prot., 320 N.J. Super. 59, 64 (App. Div. 1999), aff'd, 170 N.J. 246 (2001)).

Statutes of limitations are created by the legislature and serve the laudable goal that "eventual repose creates desirable security and stability in human affairs." Galligan v. Westfield Centre Serv., Inc., 82 N.J. 188, 191-92 (1980). Such statutes induce litigants to pursue claims diligently so answering parties may have a fair opportunity to defend. Id. at 192. Claims of false light invasion of privacy or defamation are subject to a one-year statute of limitations. See N.J.S.A. 2A:14-3; Swan v. Boardwalk Regency Corp., 407 N.J. Super. 108, 122-23 (App. Div. 2009). Plaintiff did not file his claim until June of 2021, more than five years after the accrual date. There is a two-year statute of limitations for negligent infliction of emotional distress. See N.J.S.A. 2A:14-2; Fraser v.

A-0061-21

Bovino, 317 N.J. Super. 23, 34 (App. Div. 1976). Plaintiff filed his claim more than four years after the accrual date.

Plaintiff claims he suffered a traumatic brain injury as an infant that affects his cognitive abilities. His claim he was mentally incapacitated from September 25, 2014, the date of the incident, through September 25, 2016, when he began taking an over-the-counter medication that cured him, is not supported by the record. It is not sufficient to demonstrate mere treatment for a mental condition in order to toll a statute of limitations. Pursuant to N.J.S.A. 2A:14-21, plaintiff must demonstrate "such a condition of mental derangement as actually prevents the sufferer from understanding his legal rights or instituting legal action." See Kyle v. Green Acres at Verona, Inc., 44 N.J. 100, 113 (1965). The aim of the statute is to relieve a person from a strict time restriction who "actually lacks the ability and capacity . . . to pursue his lawful rights." Sobin v. M. Frish & Sons, 108 N.J. Super. 99, 104 (App. Div. 1969).

Since 2014, plaintiff successfully filed an appeal of his municipal conviction, an appeal of the Law Division order, a motion to file a notice of late claim, and an unrelated order to show cause regarding an Open Public Records Act request in Mercer County in early 2019, two years before he filed this complaint. Plaintiff had the capacity to pursue his legal rights. Neither the

6

municipal court where he was tried on July 27, 2016, nor the Law Division, where he appeared, found evidence of incompetency. He did not properly raise the issue before either court. Plaintiff failed to show any adjudication of incapacity pursuant to N.J.S.A. 2A:14-21 or a return to capacity. His motion for an evidentiary hearing on temporary mental incapacity is not supported by fact or law and the trial court correctly denied it.

Plaintiff also cannot demonstrate the elements of a claim for malicious prosecution, which requires a showing that 1) the criminal action was instituted by the defendant against the plaintiff; 2) it was actuated by malice; 3) there was an absence of probable cause; and 4) it terminated favorably to the plaintiff. Lind v. Schmid, 67 N.J. 255, 262 (1975). Affording plaintiff all reasonable inferences, the sum of all malicious prosecution allegations made in plaintiff's complaint are: "Malicious Prosecution Tort of Intentional Dignitary [sic] The injuries are DAMAGE from humiliation, human dignity, loss of medication, mental anguish, and arrest/detention to release on bail." Plaintiff does not address lack of probable cause. Because plaintiff concedes he wrote the sign and hung it on public property, there was sufficient probable cause to charge him. Plaintiff's failure to address, at minimum, probable cause is fatal to his

7

claim and the trial court correctly dismissed the malicious prosecution count without prejudice.

The trial court properly concluded counts one and two of plaintiff's complaint were time-barred and count three failed to state a claim for malicious prosecution. On this record we see no basis to disturb the trial court's decision to dismiss the complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION