**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1753-22

JANET CARLSON and
MARYANN FARRELL as
Administrators Ad Prosequendum
and Co-Administrators of the
Estate of RUSSELL CARLSON,
deceased,

     Plaintiffs-Appellants,

v.

ARISTACARE AT CHERRY HILL,
LLC, ARISTACARE, LLC, d/b/a,
ARISTACARE HEALTH SERVICES,

     Defendants-Respondents.

_____

Argued October 31, 2023 – Decided December 6, 2023

Before Judges Whipple, Mayer, and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-2915-22.

Ian T. Norris argued the cause for appellants (McEldrew Purtell, attorneys; Ian T. Norris, on the briefs).

Kyle Curtis Allen argued the cause for respondents (Lewis Brisbois Bisgaard & Smith, LLP, attorneys; Kyle Curtis Allen, on the brief).

PER CURIAM

Plaintiffs Janet Carlson and MaryAnn Farrell are co-administrators of the Estate of Russell Carlson, who died on November 3, 2019, after prolonged care in several residential healthcare facilities, including at the facility operated by defendant AristaCare at Cherry Hill, LLC, (ACH). Mr. Carlson suffered a spinal cord injury from a motor vehicle accident in 2015 that left him a quadriplegic and in need of consistent assistance and skilled care for his daily living and rehabilitation. Mr. Carlson was a resident at the facility operated by ACH, from June 6, 2019, through September 18, 2019, with intermittent hospitalizations.

AristaCare, LLC, d/b/a AristaCare Health Services (AHS) is also a defendant. SACH is a long-term care facility in Cherry Hill, New Jersey, incorporated and maintaining its principal business address in New Jersey. AHS, also incorporated and maintaining its principal business address in New Jersey, is an independent corporate entity from ACH. AHS provides management and back office support to various AristaCare entities throughout

the State of New Jersey, including ACH, but AHS is not part of any parent company and has no subsidiaries.

Mr. Carlson brought suit in Philadelphia Court of Common Pleas on September 12, 2019, by filing a Praecipe for Summons against the owners and operators of a long-term care facility where he resided from mid-2018 until early-2019. On March 26, 2021, after Mr. Carlson's death, plaintiffs—as co-administrators of his estate—added other defendants to the same action, including defendants here. On July 14, 2021, plaintiffs filed their initial complaint. Defendants filed separate Preliminary Objections supported by affidavits, arguing they lacked sufficient contacts with Pennsylvania to establish personal jurisdiction.

On August 23, 2021, plaintiffs filed an Amended Complaint, and respondents again replied, arguing there was no personal jurisdiction in Pennsylvania. On November 3, 2021, the Philadelphia court ordered a seventy- five day period of jurisdictional discovery, during which discovery was exchanged, supplemental briefs were filed, and plaintiffs deposed an individual who was a member of both ACH and AHS, whose affidavits supported all defendants' Preliminary Objections up to that point. The

3

A-1753-22

Philadelphia court dismissed AHS from the lawsuit on September 21, 2022, and dismissed ACH from the lawsuit on March 30, 2023.

On November 1, 2022, plaintiffs filed suit in the New Jersey Superior Court, Law Division, against both defendants and various fictitious entities, alleging negligence and wrongful death, among other counts. Defendants moved to dismiss pursuant to Rule 4:6-2(e), because the expiration of the statute of limitations precluded plaintiffs' assertion of claims in New Jersey. The trial court granted defendants' motion to dismiss. This appeal timely followed.

When the application of a statute of limitations is purely a question of law, we review de novo a trial court's grant or denial of a motion to dismiss. Barron v. Gersten, 472 N.J. Super. 572, 576 (App. Div. 2022). Plaintiffs argue their New Jersey complaint should not have been dismissed as time-barred, due to the pendency of their personal injury and wrongful death cases in Pennsylvania. They argue the statute of limitations should be equitably tolled for substantial compliance and under the savings clause, N.J.S.A. 2A:14-28.

We often seek to avoid "[u]nswerving, 'mechanistic' application" of procedural statutes of limitations and have developed a "common law of limitations"—various doctrines that account for "the more equitable and

countervailing considerations of individual justice." Galligan v. Westfield Centre Service, Inc., 82 N.J. 188, 191–92 (1980); see also Zaccardi v. Becker, 88 N.J. 245, 258–59 (1982) ("It is now well settled in New Jersey that statutes of limitation will not be applied when they would unnecessarily sacrifice individual justice under the circumstances."). Plaintiffs ask us to apply such principles here. For the following reasons we decline to do so.

Personal injury claims in New Jersey—common law claims relating to "injury to the person caused by the wrongful act, neglect or default of any person within this State"—must be brought within two years "after the cause of any such action shall have accrued." N.J.S.A. 2A:14-2. A statute that limits the time during which a common law claim can be pursued is a "procedural statute of limitations," and the running of such a limitation period "bars only the remedy [for infractions], not the right" to bring a claim. Negron v. Llarena, 156 N.J. 296, 300 (1998) ("Procedural statutes of limitations govern general causes of action, such as tort and contracts.").

A wrongful death claim, on the other hand, is a statutorily created right "[w]hen the death of a person is caused by a wrongful act, neglect or default . . . ." N.J.S.A. 2A:31-1. Pursuant to N.J.S.A. 2A:31-3, "[e]very action brought under [the Death by Wrongful Act statute] shall be commenced within

[two] years after the death of the decedent." "Because this period of limitation was enacted as part of [that statute], it has been regarded as 'an indispensable condition' of the right to maintain a wrongful death action." Negron, 156 N.J. at 300 (quoting Peters v. Pub. Serv. Corp., 132 N.J. Eq. 500, 507 (Ch. Div. 1942)). "It has therefore been characterized as a substantive statute of limitations, not a 'statute of limitations in the ordinary or general sense'"—that is, not a procedural statute of limitations. Ibid. (internal citations omitted).

Where the "harshness" of a procedural statute of limitations may be blunted by the judicially developed "common law of limitations" that balances equitable arguments, Galligan, 82 N.J. at 191, substantive statutes of limitations have traditionally been applied strictly, with leeway given only in cases of substantial compliance, Negron, 156 N.J. at 300–01 and 304–05. As for the Wrongful Death Act, we have said "the two-year limitation . . . is a condition of the right granted" that "must be met before [a] party has the right to file a wrongful death action." Id. at 301. This condition may be met, however, even if not strictly satisfied, when "the legislative purpose underlying the statutory scheme will . . . be effectuated" "in a particular set of circumstances"—that is, when the plaintiff is in substantial compliance with

6

the policies underlying the limitation period. Id. at 302 (citing White v. Violent Crimes Compensation Bd., 76 N.J. 368, 379 (1978)).

"Courts invoke the doctrine of substantial compliance to 'avoid technical defeats of valid claims.'" Cornblatt v. Barow, 153 N.J. 218, 239 (1998) (quoting Zamel v. Port of New York Auth., 56 N.J. 1, 6 (1970)). To prove substantial compliance, the party allegedly in default must show:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim[;] and (5) a reasonable explanation why there was not a strict compliance with the statute.
>
> [Negron, 156 N.J. at 305 (alteration in original) (quoting Bernstein v. Bd. of Trs. of Teachers' Pension & Annuity Fund, 151 N.J. Super 71, 76–77 (App. Div. 1977)).]

The personal injury claim sounding in negligence is a common law claim, subject to the limitation period set out in N.J.S.A. 2A:14-2, which can be adjusted when necessary to preserve "individual justice" in the face of "the harsh approach of literally applying the statute of limitations." Galligan, 82 N.J. at 192. New Jersey courts have developed and adopted equitable tolling doctrines—such as laches, the discovery rule, and physical incapacity—in an "attempt to implement fully the underlying legislative purposes to avoid the

injustice which would result from a literal reading of the general statutory language." Id. at 191. These doctrines balance the right of plaintiffs to seek relief for their claims against the right of repose for defendants, while also safeguarding the latter's "ability to answer the allegations against them." Id. at 192.

We conclude there is no equitable reason to toll based on plaintiffs' arguments of substantial compliance. Plaintiffs here had notice that there were questions regarding Pennsylvania's jurisdiction over defendants during the time within which they could have filed suit in New Jersey. Plaintiffs, therefore, failed to diligently pursue their rights throughout the limitation period when they chose not to file a claim in New Jersey.

As we stated above, the wrongful death claim is a statutory claim, with a substantive statute of limitations defined in N.J.S.A. 2A:31-3, that will only be tolled if plaintiffs can demonstrate substantial compliance with the statute of limitations by satisfying the factors outlined in Negron. 156 N.J. at 305. Here, plaintiffs did not meet the first and the last conditions—showing lack of prejudice to defendants and providing a reasonable explanation why there was not a strict compliance with the statute—and so cannot demonstrate substantial

8

compliance with the statute of limitations. Plaintiffs' wrongful death claim is time-barred.

We reject the argument that an extension of the New Jersey saving statute, N.J.S.A. 2A:14-28, is applicable here. The claims in this action are subject to a two-year limitation period "after the cause of any such action shall have accrued," N.J.S.A. 2A:14-2, or "after the death of the decedent," N.J.S.A. 2A:31-3. Plaintiffs seek to extend for one year these statutory limitations by applying the New Jersey saving statute, N.J.S.A. 2A:14-28, which states:

> If, in any of the actions or proceedings specified in sections 2A:14-1 to 2A:14-19, sections 2A:14-22 to 2A:14-25 or section 2A:14-27 of this Title, judgment is given for the plaintiff therein, and such judgment is reversed on appeal, or, if a judgment pass for the plaintiff and, upon motion for relief from the judgment, judgment is given against him, the plaintiff, his heirs, executors or administrators, may commence a new action within [one] year next after the judgment is reversed or judgment is given against plaintiff, and not thereafter.

Although this statute does apply to the limitation period defined for this cause of action by N.J.S.A. 2A:14-2, neither of the two possible conditions that permit the extension of the limitation period is met.

Plaintiffs ask us, as they did the trial judge, to extend this statute beyond the specific conditions outlined in its text to reach the facts of their claims.

9

We decline to find error in the trial judge's rejection of that request. Statutes of limitations compel all parties to "exercise . . . a right of action within a specific, reasonable period of time," "stimulat[e] litigants to pursue their cause of action diligently, so that answering parties . . . have a fair opportunity to defend, and spar[e] the courts from litigation of stale claims." Mitzner v. West Ridgelawn Cemetery, Inc., 311 N.J. Super. 233, 236 (App. Div. 1998). When considering whether a statute of limitations should be tolled, a "'just accommodation' of individual justice and public policy requires that 'in each case the equitable claims of opposing parties must be identified, evaluated and weighed.'" Galligan, 82 N.J. at 193 (quoting Lopez v. Swyer, 62 N.J. 267, 274 (1973)). A plaintiff's primary equitable right is to have their claim adjudicated on the merits, Zaccardi, 88 N.J. at 252, while a defendant's main equitable consideration is the eventual right to repose such that they may not be blindsided by the prosecution of a stale claim, after they had presumed their liability had expired, Galligan, 82 N.J. at 192.

In this instance, the equitable claims of opposing parties balance in favor of strictly construing the saving statute, because all parties were on notice of not only the statutes of limitations that applied to plaintiffs' claims, but also the limitations of this statute to extend the same.

10

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

11