

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-10-2000

# Todish v CIGNA Corp

Precedential or Non-Precedential:

Docket 98-6089

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"Todish v CIGNA Corp" (2000). *2000 Decisions.* Paper 53.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/53

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed March 10, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-6089

BARBARA A. TODISH
        Appellant

v.

CIGNA CORP.; EASTERN AIRLINES, INC.

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 96-cv-00373)
District Judge: Hon. Joseph A. Greenaway, Jr.

Argued: September 8, 1999

Before: SLOVITER and ROTH Circuit Judges, and POGUE,
Judge United States Court of International Trade*

(Filed: March 10, 2000)

_____

* Hon. Donald C. Pogue sitting by designation.

        Nadine H. Taub
         (Argued)
        Rutgers University
        Environmental Law Clinic
        Newark, N.J. 07102

          Attorney for Appellant

        John J. Fannan
         (Argued)
        Karosen & Grabler
        Roseland, N.J. 07068

          Attorney for Appellee

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Plaintiff Barbara A. Todish appeals from the District
Court's order granting summary judgment on statute of
limitation grounds to defendant CIGNA Corporation 1 in her

suit for long-term disability insurance benefits. Todish's principal argument on appeal is that the District Court erred in granting summary judgment because she presented sufficient facts from which a reasonable fact finder could infer that she was "insane" within the meaning of New Jersey Statute 2A:14-21, which permits tolling of the statute of limitations.

I.

The underlying facts in this case are largely undisputed. Todish began working as a flight attendant for Eastern Airlines in 1968. In 1978 she enrolled in the long-term disability insurance policy offered by CIGNA through the airline. On April 24, 1981, Todish went on medical leave. She remained on leave for four years, until April 23, 1985,

_____

1. Defendant filed its answer as Connecticut General Life Insurance Company "improperly pleaded as CIGNA," and thereafter referred to itself as CGLIC. Because the District Court's order refers to it as CIGNA, we will do the same.

when Eastern Airlines terminated her employment pursuant to the collective bargaining agreement providing for a maximum four-year period of medical leave.

Todish initially received short-term disability benefits for six months. Ultimately, she received long-term disability benefits from CIGNA of two additional sums totaling approximately $21,800, which covered the remainder of the period of her leave from Eastern Airlines until September 30, 1984. CIGNA included with the final payment a letter, dated October 17, 1984, which stated in relevant part:

> As I indicated in my October 4 letter, if you wish to claim benefits beyond September 1984, then you should understand that it is your responsibility to furnish medical proof to support the fact that you are totally disabled from engaging in any form of gainful employment beyond September 30, 1984.
>
> Again, I am enclosing a form which explains your rights under the Employee Retirement Income Security Act to request a review of your claim.

Appellant's App. at 57 (emphasis in original). Todish did not furnish medical proof of her disability or contact CIGNA until October 12, 1995, eleven years later, when she wrote to CIGNA requesting a reopening of her claim for long-term disability benefits. By letter dated October 18, 1995, CIGNA

informed Todish that it was denying her request because of the extended length of time between its denial of continued benefits in 1984 and her request to reopen in 1995. CIGNA also stated that Todish's file had been destroyed at some point during the eleven-year period.

Todish's original applications for Social Security disability benefits, filed in 1983 and 1985, were rejected. When she was hospitalized in 1990 after an automobile accident, a hospital employee recommended that she reapply for Social Security disability based on the mental trauma associated with the accident. She did, requesting benefits from the date of the accident and alleging that she suffered from bi-polar disorder since that date. When her claim was denied, she requested reconsideration of the denial and retained an attorney on a contingency basis for the appeal. In 1993 an administrative law judge determined that Todish had been

3

disabled since the 1990 accident, and she was held entitled to receive Social Security benefits retroactive to that date.

Todish alleges that she was sent a notice from the Social Security Administration that she might also be eligible to receive a disability pension from the pension program maintained by her former employer, which by then was in Chapter 11 proceedings. Todish applied for such a disability pension, and in June 1995 the Appeals Board of the Pension Benefit Guaranty Corporation determined that Todish was entitled to disability pension benefits from the Eastern Airlines plan retroactive to April 23, 1985, the date on which her employment was terminated. Pursuant to that decision, Todish received $10,943.75 from the Eastern Airlines Inc. Retirement Income Plan for Flight Attendants.

As noted above, CIGNA denied Todish's 1995 request to reopen her claim for long-term disability insurance benefits by letter dated October 18, 1995. Todish commenced this action against CIGNA and Eastern Airlines2 on December 7, 1995, alleging, inter alia, breach of contract and seeking to recover at least $5,718.16 in long-term disability benefits for the period from the last payment on September 30, 1984 to her termination on April 24, 1985.3 She also alleged that she was entitled to additional payments through October 1995 based on language in the insurance policy. CIGNA moved for summary judgment, asserting that the action was barred by the statute of limitations and the equitable doctrine of laches. The District Court granted the motion on the statute of limitations ground. Todish timely appealed.)

II.

We exercise plenary review over the District Court's grant of summary judgment. Armbruster v. Unisys Corp. , 32 F.3d 768, 777 (3d Cir. 1994). Summary judgment should be granted where "there is no genuine issue as to any material

_____

2. On May 29, 1996, the parties signed a stipulation dismissing Eastern Airlines from the suit.

3. Todish included a claim under ERISA in her handwritten complaint, but the case proceeded under a breach of contract theory.

4

fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this determination, we view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor. See Armbruster, 32 F.3d at 777. Even viewing the evidence in the light most favorable to the non-moving party, however, the dispute of material fact must be "genuine" such that "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

III.

The parties agree that the New Jersey six-year statute of limitations for breach of contract claims applies to Todish's case, and admittedly Todish took no action in response to CIGNA's letter within six years of its receipt. Todish argues, however, that the statute of limitations should be tolled to place her filing within the six-year period because she was "insane" within the meaning of New Jersey Statute 2A:14-21.

New Jersey Statute 2A:14-21 reads in pertinent part:

> If any person entitled to any of the actions or proceedings specified in sections 2A:14-1 to 2A14-8 . . . of this title is or shall be, at the time of any such cause of action or right or title accruing, . . . insane, such person may commence such action or make such entry, within such time as limited by said sections, after his coming to or being of . . . sane mind.

N.J. Stat. Ann. S 2A:14-21.

The New Jersey courts have held that to be "insane" within the meaning of the statute, a plaintiff need not suffer from a mental illness that requires commitment or institutionalization. Sobin v. M. Frisch & Sons , 108 N.J.

Super. 99, 103–04, 260 A.2d 228, 231 (N.J. Super. Ct. App. Div. 1969). Nonetheless, the plaintiff must suffer from "such a condition of mental derangement as actually prevents the sufferer from understanding his legal rights or instituting legal action." Kyle v. Green Acres at Verona, Inc., 44 N.J. 100, 113, 207 A.2d 513, 521 (N.J. Sup. Ct. 1965);

see also Sobin, 108 N.J. Super. at 104, 260 A.2d at 231 (stating that the aim of the tolling statute is"to relieve from the strict time restrictions any person who actually lacks the ability and capacity, due to mental affliction, to pursue his lawful rights.").

There is no question that Todish has a history of mental difficulties. According to her testimony in her affidavit, from 1981 to 1985 she was constantly under treatment by psychiatrists. She was hospitalized for mental health reasons in 1980 and 1981, and during the period from 1981 to 1992 she was periodically homeless, occasionally suicidal, and held numerous and various jobs for short intervals.

However, even drawing all inferences in Todish's favor as we are required to do on a motion for summary judgment, we conclude that a fact finder could not reasonably infer from the evidence presented that Todish's mental impairments prevented her from understanding her legal rights or instituting legal action during the six-year statute of limitations period. We base that conclusion on the actions that her own affidavit reveals that she was able to take. For example, in 1986 she attempted to hire legal counsel to represent her at a grievance hearing in connection with her termination at Eastern Airlines. She also tried to obtain a transcript of that hearing on two occasions and requested information from the union representative at the hearing about taking an appeal if the result were unfavorable. She applied for Social Security benefits in 1983, 1985, and again in 1990. When her 1990 claim was denied, she sought reconsideration of the denial and retained counsel on a contingency basis to represent her on appeal. In early 1990 she applied for and was accepted to law school.4 And, beginning in 1990, she also applied for disability pension benefits from Eastern Airlines, persisted in that endeavor and ultimately prevailed. In

_____

4. Although she subsequently failed out of law school, having passed only one course in the first semester, her ability to go through the application process illustrates a degree of mental awareness that undermines her assertion that her mental difficulties rendered her unable to understand her legal rights or to institute legal action.

addition to Todish's affidavit, evidence submitted by the parties at summary judgment also reveals that between 1987 and 1991, Todish worked as a teacher in three community colleges and that some time after 1987 she completed all of the requirements for a Master's of Arts degree in Liberal Studies, except the thesis. These actions demonstrate that despite Todish's mental impairments, she retained an ability to understand her legal rights and to institute legal action within the six-year statutory period.

Todish asserts that the District Court erred in granting summary judgment because her "lengthy (handwritten) affidavit supporting her complaint shows she understood little about the legal points of her case." Appellant's brief at 14. This assertion reflects a misunderstanding of the applicable test for insanity under the tolling statute. Whether Todish understood the legal points of her case, or even knew how or when to file a civil claim against CIGNA, does not determine whether she was insane for tolling purposes. See Kyle, 44 N.J. at 113, 207 A.2d at 521 (articulating test for insanity as "such a condition of mental derangement as actually prevents the sufferer from understanding his legal rights or instituting legal action"). Rather, the lack of understanding that would render her "insane" must have derived from her mental illness and placed her at a level of understanding below that of the usual plaintiff, of whom we require diligence in discovering the legal wrong. See Tevis v. Tevis, 79 N.J. 422, 433, 400 A.2d 1189, 1195 (N.J. Sup. Ct. 1979) (holding that statute of limitations was not tolled under the insanity provision where plaintiff had "apparently suffered substantial injuries but she was not incapacitated or prevented by her physical or mental trauma from pursuing her legal rights"); cf. New Castle County v. Halliburton Nus Corp., 111 F.3d 1116, 1124 (3d Cir. 1997) ("[A] claim accrues upon awareness of actual injury, not upon awareness that the injury constitutes a legal wrong.").

As we explained above, Todish's actions, including her attempt to find legal counsel for her grievance hearing with Eastern Airlines, her attempts to obtain a transcript of that hearing, her filing multiple times for Social Security benefits, her request for reconsideration of the Social

Security denial, and her hiring of an attorney on a contingency fee basis to represent her on appeal of the Social Security denial, demonstrate that her mental

impairments did not prevent her from understanding her legal rights or from instituting legal action, and Todish accordingly does not meet the test for insanity under the tolling provision.

Todish also argues that because she was found mentally disabled by the Social Security Administration for purposes of Social Security benefits, she was necessarily "insane" within the meaning of the New Jersey statue. See Appellant's brief at 17. Again, this simply is not so. Under the Social Security Act, an individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. S 423(d)(1)(A). There is no doubt that Todish had difficulty holding a steady job due to her mental impairments, but the mere fact that she was unable to engage in substantial gainful activity does not create a genuine issue of material fact concerning her ability to understand and pursue her legal rights.

In the alternative, Todish argues that under Bowler v. Fidelity & Casualty Co. of New York, 53 N.J. 313, 250 A.2d 580 (N.J. Sup. Ct. 1969), she should be permitted to pursue her case despite the running of the statute of limitations. In Bowler, the New Jersey Supreme Court held that a defendant insurance company was equitably estopped from relying on the statute of limitations where the insurance company had ceased payment of benefits, which it knew to be covered by the insured's policy, without notifying the insured or requesting additional medical proof for further coverage. See Bowler, 53 N.J. at 329-30, 250 A.2d at 589. The plaintiff in Bowler was the holder of an accident insurance policy. His policy provided for 200 consecutive weeks of payment in the event of total disability. If, after the 200 weeks, he was permanently and totally disabled, the insurance company was obligated to make 600 additional weeks of payments. Bowler suffered a severe leg bone fracture in an accidental fall. The fracture

resulted in a bone infection that rotted away part of his bone, creating pus that drained from an ulcer in the outer surface of his leg.

The defendant insurance company paid Bowler his weekly disability benefits, with periodic confirmation by Bowler's physician, for 199 of the initial 200 weeks. After the 199th payment, however, despite "a clear case of duty to pay the 200th-week benefit" and without any explanation or request for further evidence of disability from Bowler, the

insurance company abruptly ceased payment. Bowler, 53 N.J. at 329, 250 A.2d at 589. The New Jersey Supreme Court held that the insurance company's conduct, apparently stemming from a fear that it would be obligated to pay the additional 600 weeks if it were to pay the 200th week, was "so inequitable and unconscionable as to bar reliance upon the statutory limitation on the institute of suit on the policy." Bowler, 53 N.J. at 330, 250 A.2d at 589.

In contrast to Bowler, Todish does not allege, nor do we find any evidence of, unconscionable conduct on the part of CIGNA in this case. Todish does not claim that CIGNA defrauded her or that she relied on any misleading or deceitful misrepresentation made by CIGNA. Instead, the undisputed facts evince that CIGNA advised Todish in writing that if she wished to claim benefits beyond September 1984, she was required to furnish medical proof of her continued total disability. Further, CIGNA provided Todish with a form that explained her right to request a review of the denial under ERISA. Therefore, even if, as Todish asserts, she would have been entitled to payment had she furnished the required medical proof, CIGNA is not equitably estopped from relying on the statute of limitations in this case. See Tevis, 79 N.J. at 433, 40 A.2d at 1196 (holding that even though a husband's conduct in battering his wife was "grotesque and inexcusable," the husband was not equitably estopped from relying on the statute of limitations in defense of his wife's civil claim, absent evidence that he deceived or defrauded his wife into forestalling the filing of her suit).

As articulated by the New Jersey courts, the statute of limitations serves several goals, including "the security and

9

stability of human affairs created by eventual repose . . . [and] the prospective defendants' ability to respond to allegations made against them." Jones v. Jones, 242 N.J. Super. 195, 203, 576 A.2d 316, 320 (N.J. Super. Ct. App. Div. 1990) (citations omitted); see Galligan v. Westfield Centre Serv., Inc., 82 N.J. 188, 191-92, 412 A.2d 122, 124 (N.J. Sup. Ct. 1980). These goals are best served in this instance by adherence to the six-year limitations period.

IV.

For the reasons stated, we agree with the District Court that the evidence presented at summary judgment demonstrates that "Todish was not so immobilized by her mental illness that a tolling of the statute of limitations should occur." Todish v. CIGNA Corp., No. 96-373, slip op.

at 6 (D.N.J. May 6, 1998). Accordingly, we will affirm the order of the District Court.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit