**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2777
_____

EDWARD KAPP,
              Appellant
v.

TRUCKING EMPLOYEES OF NORTH JERSEY WELFARE FUND, INC.- PENSION
FUND; TRUSTEES OF THE TRUCKING EMPLOYEES OF NORTH JERSEY
WELFARE FUND, INC.- PENSION FUND

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-09-cv-00704)
District Judge: Honorable Stanley R. Chesler

_____

Submitted Under Third Circuit LAR 34.1(a)
March 10, 2011

Before: SCIRICA, AMBRO AND VANASKIE, *Circuit Judges*

(Filed May 4, 2011)

_____

OPINION

_____

VANASKIE, *Circuit Judge*.

At issue on this appeal is whether Appellant Edward Kapp's 2009 lawsuit under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, implicating the validity of the 1999 denial of his pension application, is time-barred. For the following reasons, we will affirm the District Court's determination that Kapp's action is untimely.

I.

As we write only for the parties to this appeal, we relate only those facts essential to our decision.

Kapp is a participant in the Trucking Employees of North Jersey Welfare Fund, Inc.—Pension Fund (the "Fund"), a pension fund associated with Local 560 of the International Brotherhood of Teamsters. The Fund's plan provides, according to Kapp's complaint, that a participant must have "at least 15 years of Combined Pension Credits" to qualify "for a Normal, Regular, Early, Service, Deferred or Disability Pension[.]" (P.A. 17-18.)[1]

On February 24, 1999, Kapp's pension application was denied because he had only attained ten years of combined pension credits before sustaining a break in service. More than eight years later, on July 30, 2007, Kapp sought reconsideration of the denial of his pension application. Reconsideration was denied on March 12, 2008.

Kapp brought this action on February 19, 2009, naming as defendants the Fund and its Trustees (hereafter collectively referred to as "Defendants"). He asserts claims

_____

[1] "P.A." refers to Plaintiff's Appendix.

under 29 U.S.C. §§ 1132(a)(1) and (a)(3).[2]  He alleges that he had thirteen and one-half years of pension credits.[3]  Furthermore, Kapp asserts in his complaint that *Smith v. Contini*, 205 F.3d 597 (3d Cir. 2000), *cert. denied*, 531 U.S. 875 (2000), held that pension plans, such as the Fund, that "required more than 10 years of [] [p]ension [credits] to be eligible for a pro-rata pension[] were contrary to ERISA."  (P.A. 18.)  Although alleging that the Fund's Trustees had failed to amend the eligibility criteria in the wake of *Smith v. Contini*, Kapp's complaint does not assert that such failure constituted a cognizable breach of fiduciary duty.  Nor does the complaint specifically reference ERISA's fiduciary responsibility provisions.

On April 14, 2009, Defendants filed their answer with various separate defenses, including, *inter alia*, a statue of limitations defense.   After conducting discovery, all parties moved for summary judgment on March 15, 2010.

---

[2] Section 1132(a) provides, in pertinent part, that a civil action may be brought:

> (1) by a participant or beneficiary--
>
>> (A) for the relief provided for in subsection (c) of this section, or
>> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; . . .
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

[3] Kapp's appellate briefs maintain that he qualified for twelve and one-half years of pension credits.  (*See* Appellant's Br. at 5.)  This discrepancy is inconsequential to our analysis.

3

Defendants' brief in support of its motion for summary judgment asserted that Kapp's claim was barred by the statute of limitations.[4] (Defendants' Br. Supp. Mot. Summ. J. at 9.) Defendants classified Kapp's claim as one brought pursuant to "29 U.S.C. §[§] 1132(a)(1) and (3) (permitting an action to be brought by a participant to recover benefits due to him under the terms of the plan or to enforce any provision of the terms of the plan[])." (*Id.*) Specifically, Defendants characterized Kapp's claim as one for "benefits challenged under 29 U.S.C. [s]ubsection 1132(a)(1)(B)[.]" (*Id.* at 11.) Asserting that ERISA does not provide a limitations period for lawsuits "brought under this section[,]" Defendants contended that Kapp's action was subject to New Jersey's six-year limitations period applicable to contract actions. (*Id.* at 9) (citing *Syed v. Hercules, Inc.*, 214 F.3d 155, 159 (3d Cir. 2000); *Connell v. Trustees of the Pension Fund of the Union Workers Dist. Council of N. New Jersey,* 118 F.3d 154, 156 n.4 (3d Cir. 1997)). Defendants reasoned that because Kapp's request for a pension was indisputably denied on February 24, 1999, his complaint filed almost ten years later was untimely. (Defendants' Br. Supp. Mot. Summ. J. at 10.)

Kapp's brief in opposition to Defendants' motion for summary judgment argued that equitable principles supported the tolling of the limitations period, but did not dispute Defendants' contention that the applicable limitations period was supplied by New Jersey law and was six years in length. (Kapp's Br. Opp'n Mot. Summ. J. at 10.) Instead, Kapp

---

[4] Although the parties appear to have submitted some of their summary judgment exhibits, they did not provide their summary judgment briefs or statements of undisputed material facts as part of the record to this Court. We have, however, independently obtained copies for our review.

4

proclaimed that the February 24, 1999 denial letter deceived him and deterred him from filing suit. (*Id.*)

In opposing Kapp's motion for summary judgment, Defendants again argued that ERISA did not provide a statute of limitations for Kapp's claim, and, therefore, under New Jersey's analogous breach of contract statute of limitations, Kapp's action was untimely. In his Reply Brief, Kapp responded that ERISA's equitable character foreclosed Defendants from benefitting from its own wrongs. (Kapp's Reply Br. Supp. Mot. Summ. J. at 5.) Strikingly absent from Kapp's briefs before the District Court is a discussion of, let alone a citation to, 29 U.S.C. § 1113 (limitations statute for breach of fiduciary duty actions). [5]

On May 24, 2010, the District Court issued a Memorandum Opinion holding that Kapp's action was untimely. (P.A. 8.) The District Court explained that because "ERISA does not set forth a statute of limitations for suits brought under Section 502, [29

---

[5] Pursuant to 29 U.S.C. § 1113:

No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of--

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

U.S.C. § 1132,] [c]ourts generally look to the most analogous state statute of limitations[.]" (P.A. 7.) The District Court found New Jersey's six-year statute of limitation period for contract actions most analogous here. (*Id.*) (citing *Connell*, 118 F.3d at 156 n.4). Because "Kapp's [] instant action was [] file[d] [] well outside the applicable six-year limitations period," summary judgment was granted in favor of Defendants. (P.A. 8) (citing *Connell*, 118 F.3d at 156 n.4).

II.

A.

The District Court had jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132, and we have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the District Court's grant of summary judgment." *Todish v. CIGNA Corp.*, 206 F.3d 303, 305 (3d Cir. 2000). We "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The District Court properly held that Kapp's claim for benefits was barred by the statute of limitations. As we observed in *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179 (3d Cir. 1992), "Although ERISA provides a specific limitations period for breaches of fiduciary obligations, [29 U.S.C. § 1113,] the Act does not set any limitations period for non-fiduciary claims brought pursuant to its civil enforcement provision, 29 U.S.C. § 1132." "In the absence of an applicable ERISA limitation, the courts thus apply the statute of limitations for the state claim most analogous to the ERISA claim pursued." *Id.*

6

In this context, we apply New Jersey's six-year limitations period that governs contract actions. *Connell*, 118 F.3d at 156 n.4; N.J. Stat. Ann. § 2A:14-1.

In *Miller v. Fortis Benefits Insurance Co.*, 475 F.3d 516, 520 (3d Cir. 2007), we held that a non-fiduciary duty cause of action under ERISA "accrues when a claim for benefits has been denied." "Notably, a *formal* denial is not required if there has already been a repudiation of the benefits by the fiduciary which was *clear* and made known the beneficiary." *Id.* at 520-21 (emphasis in original). Implementing the clear repudiation rule in the ERISA context "reflects the underlying goals of statutes of limitations . . . [such as] 'rapid resolution of disputes, repose for defendants, and avoidance of litigation involving lost or distorted evidence.'" *Id.* at 522 (quoting *Romero v. Allstate Corp.*, 404 F.3d 212, 223 (3d Cir. 2005)). Otherwise "a plaintiff could . . . trigger the statute of limitations at his own discretion, creating an indefinite limitations period." *Id.*

Here, *Miller* controls our conclusion that Kapp's claim for benefits under § 1132(a)(1)(B) was untimely because the February 24, 1999 letter clearly repudiated his claim for pension benefits. Indeed, Kapp concedes "that a claim for relief under § 1132(a)(1)(B) [is] likely time barred . . . ." (Appellant's Br. at 12.)

Kapp argues that his claim is not time-barred, however, because the Trustees continue to maintain an allegedly "illegal" fifteen-year cliff vesting schedule in the Fund, (Appellant's Br. at 23), and that it is generally inequitable to permit the Trustees to take "advantage of their own illegal behavior . . . ." (*Id.* at 25.) Stated otherwise, Kapp asserts that equitable estoppel bars Defendants from asserting a statute of limitations defense. (*See* Appellant's Br. at 25.) Kapp's argument is unpersuasive.

First, Kapp's continuing violation theory was rejected by this Court in *Miller*. In that case, "we decline[d] to adopt a 'continuing violation theory' whereby a new cause of action [] accrue[s] upon each [alleged violation] of benefits owed under the plan." *Miller*, 475 F.3d at 522.

Second, he has failed to establish that equitable estoppel applies here. To demonstrate equitable estoppel, Kapp must show, *inter alia*, "extraordinary circumstances." *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 235 (3d Cir. 1994). We have never "clearly defined 'extraordinary circumstances,'" but instead "rely[] on case law to establish its parameters." *Kurz v. Philadelphia Elec. Co.*, 96 F.3d 1544, 1553 (3d Cir. 1996). For example, we have found extraordinary circumstances where there are "affirmative acts of fraud or similarly inequitable conduct by an employer[,]" or a "network of misrepresentations that arises over an extended course of dealing between parties[,]" and we also consider "the vulnerability of particular plaintiffs." *Id. See also Pell v. E.I. DuPont de Nemours & Co.*, 539 F.3d 292, 304 (3d Cir. 2008) (holding extraordinary circumstances when considering "repeated affirmative misrepresentations, combined with [plaintiff's] diligence" "over an extended course of dealing").

Here, there are no extraordinary circumstances. Kapp admits that "[u]pon receipt of the denial letter of February 24, 1999, [he] acted reasonably and promptly in obtaining an attorney." (Kapp's Reply Br. Supp. Mot. Summ. J. at 6.) Even with his previously retained counsel, however, Kapp did not appeal the denial of his claim for benefits. (*Id.*) Moreover, nothing in the record suggests that Kapp was vulnerable. Thus, we decline to

8

find extraordinary circumstances. Consequently, Kapp's equitable argument does not persuade us to abandon our ultimate conclusion that his claim is barred by the statute of limitations.

B.

Kapp argues for the first time on appeal that the District Court erred by assuming he was proceeding under 29 U.S.C. § 1132(a)(1)(B) when determining the applicable statute of limitations. He asserts that he is seeking equitable relief on a breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3) in the form of ordering the Fund to comply with ERISA's "maximum cliff vesting requirements." (Appellant's Br. at 14.) Accordingly, Kapp argues that the relevant limitations period is provided by 29 U.S.C. § 1113, which applies to actions for fiduciary breaches. *See generally Gluck*, 960 F.2d at 1176-80 (discussing § 1113's application to fiduciary claims and borrowing analogous state cause of action limitations period for non-fiduciary claims).

Kapp relies on § 1113's limitations period because, conceivably, a breach of fiduciary duty claim would permit him to circumvent *Miller*'s clear repudiation rule. In that case, this Court noted that one of Miller's claims "suggest[ed] an attempt to make out a fiduciary duty claim under 29 U.S.C. § 1104(a)[.]" *Miller*, 475 F.3d at 520. Nevertheless, the Court decided that it "need not address whether Miller has properly asserted a fiduciary claim under ERISA because, on appeal, Miller only pursues a non-fiduciary claim for benefits under § 1132(a)(1)(B)." *Id.* Kapp now asks us to treat his pleading as presenting a breach of fiduciary duty claim.

9

The crux of Kapp's argument is that he did not possess actual knowledge of this purported fiduciary breach until he conferred with another participant, Richard Stoltenberg, in 2007. Stoltenberg successfully brought a legal action against the Fund and referred Kapp to his present counsel. On July 30, 2007, counsel for Kapp issued his reconsideration request. Thus, at sometime in 2007, after consulting with Stoltenberg, Kapp could be charged with actual knowledge of the purported fiduciary breach. 29 U.S. C. § 1113(2) ("No action may be commenced . . . (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation[.]"). Accordingly, under this scenario Kapp's action is plausibly timely.

Kapp also asserts that the Fund's plan constitutes "an ongoing [ERISA] violation that continues to the present." (Appellant's Br. at 22.) Under § 1113(1), an action must be brought no later than "six years after (A) the date of the last action which constituted a part of the breach or violation[.]" Therefore, alternatively Kapp contends that his action is timely under this provision.

Kapp, however, did not present this fiduciary duty limitations argument during the prior proceedings in this matter. Generally, we "refuse to consider issues that are raised for the first time on appeal." *Newark Morning Ledger Co. v. United States*, 539 F.2d 929, 932 (3d Cir. 1976). In another ERISA matter, this Court stated:

> We have examined the voluminous record of proceedings before the district court; while the memoranda of law submitted in support of and opposition to the motions for summary judgment were not made a part of that record, we have also obtained those memoranda. At no point in any of these documents do we find an exposition of the theory currently being advanced.

10

*Frank v. Colt Indus., Inc.*, 910 F.2d 90, 100 (3d Cir. 1990). This is precisely what occurred in the instant matter. Thus, we hold that Kapp has waived this argument by his failure to present it to the District Court. *See Frank*, 910 F.2d at 100 ("We hold that the defendant has waived this argument by its failure to present it in the proceedings prior to this appeal.").

C.

In sum, we may not, as Kapp would have us, permit him to proceed with "an indefinite limitations period." *Miller*, 475 F.3d at 522. Accordingly, we will affirm the District Court's Order granting summary judgment in favor of Defendants.