NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1549

_____

WALTER P. VARGO. JR.,
                              Appellant

v.

D&M TOURS, INC.; JOSE ROMAN;
FEDEX CORPORATION; WILLIAM A. STAUFFER

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-21-cv-20030)
District Judge: Honorable William J. Martini

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 20, 2023

Before: RESTREPO, PHIPPS, and ROTH, *Circuit Judges*

(Filed: January 25, 2024)

_____

**OPINION**[*]

_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Appellant William Vargo, a resident and citizen of Ohio, was involved in a multi-vehicle accident while driving through Pennsylvania. He initially filed a personal injury claim in Ohio, one day before the expiration of the two-year statute of limitations, which was dismissed for lack of personal jurisdiction and improper venue. After Appellant refiled the case in New Jersey, it was barred by the statute of limitations. Appellant avers that his complaint survives the statute of limitations based on the equitable doctrine of substantial compliance. We will affirm the District Court's dismissal.

## I.  BACKGROUND

The accident occurred while Appellant was driving a company trailer through Pennsylvania on June 7, 2016. Appellant alleged that Appellee Jose Roman (deceased) was operating a school bus owned by D&M Tours, Inc. ("D&M Tours") when the engine malfunctioned. The alleged malfunction resulted in Roman losing control of the bus and colliding with a Federal Express Corporation ("FedEx") truck operated by its employee William Stauffer. The initial collision allegedly caused the FedEx truck to strike Appellant.

## II.  PROCEDURAL HISTORY

The initial complaint was filed in the Northern District of Ohio on June 6, 2018—one day short of the statute of limitations.[1] Appellant was then silent in the case for about a year and failed to oppose or otherwise respond to Appellees' motions to dismiss for lack

---

[1]  The statute of limitations in Ohio for any personal injury claim is two years. Ohio Rev. Code Ann. § 2305.10. Here, the time to file suit began to accrue on June 7, 2016, the date of the accident.

of jurisdiction and improper venue. The Northern District denied Appellant's post-judgment motion to transfer the case to the Eastern District of Pennsylvania. *Vargo v. D & M Tours, Inc.*, 2019 WL 2009278 (N.D. Ohio May 7, 2019); *Vargo v. D & M Tours, Inc.*, 2020 WL 999793 (N.D. Ohio Mar. 2, 2020). Appellant's appeals to the Sixth Circuit and the Supreme Court on the denial of the transfer motion were unsuccessful. *Vargo v. D & M Tours, Inc.*, 841 F. App'x 794 (6th Cir. 2020); *Vargo v. D & M Tours, Inc.*, 142 S. Ct. 99 (Oct. 4. 2021). After being denied certiorari, Appellant filed a new complaint in the Superior Court of New Jersey on November 5, 2021—more than five years from the date of the accident. The matter was removed to the District of New Jersey upon Appellee's motion on diversity jurisdiction grounds. *Vargo v. D & M Tours, Inc.*, 2022 WL 538544 (D.N.J. Feb. 23, 2022). The District Court, however, dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because the statute of limitations had already expired. Appellant appeals the District Court's dismissal.

### III. JURISDICTION

The District Court had subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a).[2] Under the choice of law doctrine, New Jersey law applies.[3] We have

---

[2] Plaintiff is a citizen of Ohio; FedEx is a citizen of Delaware and Tennessee, the states in which it is incorporated and has its principal place of business, respectively; D&M Tours is a citizen of New Jersey, the state in which it is incorporated and has its principal place of business; Stauffer is a citizen of Pennsylvania; and Roman was a citizen of New Jersey. The New Jersey citizenships of D&M Tours and Roman did not preclude removal "as neither party had been served at the time of removal." *See* App. at 2 n.2 (citing *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018)).

[3] The New Jersey statute of limitations limits negligence claims and other personal injury claims to two years. N.J. Stat. Ann. § 2A:14-2. Although the accident occurred in

3

jurisdiction to review the final decisions of District Courts pursuant to 28 U.S.C. §1291.

Our review of a motion to dismiss and a District Court's conclusion regarding the doctrine

of substantial compliance is plenary. *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun.*

*Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012).

## IV. DISCUSSION

Appellant contends the District Court's dismissal was erroneous because he

substantially complied with the statute of limitations. New Jersey courts apply the statute

of limitations flexibly through application of various "equitably purposed procedural

devices" including the discovery rule, equitable tolling, and the doctrine of substantial

compliance.[4] *Jaworowski v. Ciasulli*, 490 F.3d 331, 335 (3d Cir. 2007) (quoting *Staub v.*

---

Pennsylvania, federal courts "must apply the substantive laws of its forum state in diversity actions." *Stephens v. Clash*, 796 F.3d 281, 289 (3d Cir. 2015) (quoting *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007)). Furthermore, no "actual conflict exists" since Pennsylvania's statute of limitations also limits negligence and personal injury claims to two years. *P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 460 (N.J. 2008); 42 Pa. C.S. § 5524.

[4] On appeal, Appellant asserts that the District Court failed to consider equitable tolling as a tool of relief to survive dismissal. Appellant—in his Complaint and response to Appellee's motion to dismiss—relied on *Berke v. Buckley Broad. Corp.*, 821 A.2d 118 (N.J. Super. Ct. App. Div. 2003) for overcoming the time bar. *Berke* addressed the doctrine of substantial compliance but not common-law equitable tolling. *Id.* at 121 ("The issue raised . . . is whether plaintiffs' [untimely] complaint . . . is curable under the *doctrine of substantial compliance*.") (emphasis added). Appellant did not raise equitable tolling as a path for relief until his opening appellate brief. Appellant's claim on equitable tolling is therefore forfeited and will not be considered here. *Barna v. Bd. of Sch. Dirs. of the Panther Valley Sch. Dist.*, 877 F.3d 136, 148 (3d Cir. 2017) (Plaintiff's argument was forfeited by not explicitly raising it at the trial level and instead only challenging defendant's defense by way of "implicit reference[]" to case law). Although we have the authority to "resurrect" forfeited arguments under "extraordinary circumstances," those circumstances are not evident here. *United States v. Dowdell*, 70 F.4th 134, 140 (3d Cir. 2023) (quoting *Wood v. Milyard*, 566 U.S. 463, 471 n.5 (2012)); *see also Barna*, 877 F.3d at 147 (holding extraordinary circumstances "may exist where the case involves 'uncertainty in the law;

4

*Eastman Kodak Co.*, 726 A.2d 955, 964 (N.J. Super. Ct. App. Div. 1999)). To benefit from application of the substantial compliance doctrine, the asserting party must demonstrate the following five factors:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of the claims; and (5) a reasonable explanation why there was not strict compliance with the statute.

*Newell v. Ruiz*, 286 F.3d 166, 169 (3d Cir. 2002) (citing *Galik v. Clara Maass Med. Ctr.*, 771 A.2d 1141, 1151 (N.J. 2001)). "Courts invoke the doctrine of substantial compliance to 'avoid technical defeats of valid claims.'" *Negron v. Llarena*, 716 A.2d 1158, 1163 (N.J. 1998) (quoting *Cornblatt, P.A. v. Barow*, 708 A.2d 401, 411 (N.J. 1998)).

The first equitable consideration here is whether Plaintiff's delay in filing in New Jersey prejudiced Defendants. Statutes of limitations penalize unreasonable delays that may prejudice a defendant's ability to prepare and defend their claim due to "loss of evidence, dead witnesses and faded memories." *J.L. v. J.F.*, 722 A.2d 558, 567 (N.J. Super. Ct. App. Div. 1999). Appellees argue that they were prejudiced by Appellant's delay because they can no longer depose Roman, a "key witness," as he died in November 2020 during the litigation. Appellee (D&M Tours) Br. at 11. Appellant responds that Roman's testimony was not necessary for the fair determination of the cause of action since he only drove the bus but did not maintain it. However, Appellant's Complaint also alleged that Roman "negligently operate[d]" the bus; resolving this issue would certainly depend on

---

novel, important, and recurring questions of federal law; intervening change in the law; and extraordinary situations with the potential for miscarriages of justice'") (internal citations omitted).

the operator's testimony. *Vargo, Jr. v. D&M Tours, Inc. et al.*, 2:21CV20030, ECF No. 1 (D.N.J. 2021) (Complaint ¶ 2, 7). Thus, Defendants were disadvantaged by Appellant's delay. *See Galligan v. Westfield Ctr. Serv., Inc.*, 412 A.2d 122, 122 (N.J. 1980) (stating statutes of limitations provide defendants a fair opportunity to defend from claims asserted against them). Nevertheless, we weigh that with the fact that Appellees were placed on notice of the claims in Ohio and had the opportunity to raise necessary defenses and engage in motion practice.

Second, we analyze the series of steps Appellant took to comply with the New Jersey statute of limitations. Regardless of whether Appellant has demonstrated a lack of prejudice, his failure to satisfy the other equitable factors is determinative. *See Binder v. Price Waterhouse & Co.*, 923 A.2d 293, 299–300 (N.J. Super. Ct. App. Div. 2007) ("[T]he absence of specific prejudice on defendant . . . does not excuse plaintiff's" failure to file in the proper forum "*promptly* after the federal litigation ended.") (emphasis added). New Jersey courts have applied the doctrine of substantial compliance "where the forum is erroneously selected by filing of a timely suit and the plaintiff acts diligently to rectify the error by refiling in the proper state forum." *Berke v. Buckley Broad. Corp.*, 821 A.2d 118, 124 (N.J. Super. Ct. App. Div. 2003).

Here, Appellant had notice that his case in Ohio had jurisdictional and venue defects and yet he failed to oppose or otherwise respond to Appellees' motions to dismiss on those grounds. Even after the case was dismissed, Appellant filed an untimely post-judgment motion seeking vacatur and transfer to the Eastern District of Pennsylvania, not New Jersey, and appealed its denial to the Sixth Circuit and the Supreme Court. It was only more

6

than three years after the statute of limitations expired that Appellant filed in New Jersey. Appellant may have benefited from the substantial compliance doctrine by promptly filing the present complaint immediately after the initial dismissal for lack of jurisdiction, but he failed to do so. *Cf. Galligan*, 412 A.2d at 123 (stating plaintiff filed a complaint in state court to correct filing error while the motion to dismiss was still pending in federal court); *Negron*, 716 A.2d at 1163 (plaintiff filed state complaint immediately after federal complaint was dismissed for lack of subject matter jurisdiction).

Third, we analyze Appellant's general compliance with the purpose of the statute. As discussed above, the New Jersey statute of limitations seeks to provide a reasonable time period to bring a claim so that the parties can have repose, afford a reasonable opportunity for defending parties to answer the claims against them, and spare the courts from litigation of stale claims. *Galligan*, 412 A.2d at 123–24. But a rigid and "mechanistic" application of the statute of limitations could cause unnecessary harm upon plaintiffs that would not necessarily advance these legislative purposes. *Id.* at 124. Here, Appellant "slept on his rights" by failing to engage in the litigation for a year after filing and oppose or otherwise respond to motions to dismiss that alerted him to the jurisdictional and venue defects in his case. *Id.* at 125 (citation omitted). He then did not seek to comply with the New Jersey statute of limitations but rather to transfer the case to the Eastern District of Pennsylvania. Appellant's conduct did not exhibit the diligence that statutes of limitations seek to induce.

Fourth, Appellees had notice of the claims against them since the initial Ohio litigation.[5] And finally, Appellant has failed to provide a reasonable explanation for not strictly complying with the statute of limitations in New Jersey. Appellant's perplexing decision to pursue his claims in Ohio was no mistake but instead, as the Northern District of Ohio noted, an "obvious, elementary" filing error. Appellant's only defense is that "he cannot be faulted for any alleged inadequacies of counsel" in Ohio. Vargo Reply Br. at 1.

New Jersey courts have occasionally found that filing in a forum that lacks personal jurisdiction over defendants is excusable error. *See, e.g.*, *Mitzner v. W. Ridgelawn Cemetery, Inc.*, 709 A.2d 825, 829 (N.J. Super. Ct. App. Div. 1998) (permitting untimely filing where plaintiff refiled the action in New Jersey a few weeks after the initial litigation in New York was dismissed for lack of personal jurisdiction and forum non conveniens). But here, the Northern District of Ohio wholly lacked personal jurisdiction over Appellees, nor was it the proper venue. Appellant does not introduce any facts, statutory ambiguity, or inconsistent case law that could offer a justifiable explanation for filing the initial complaint in the wrong forum. *Cf. Negron*, 716 A.2d at 1163 (holding plaintiff had a "colorable claim in believing that complete diversity did exist" due to a circuit split in caselaw relevant to plaintiff's claim); *Berke,* 821 A.2d at 126 (allowing untimely filing in

---

[5]  We recognize that service was not perfected on FedEx in the Ohio litigation. However, FedEx was named as a Defendant in both the Ohio and New Jersey Complaints and participated in the appeal to the Sixth Circuit by filing a response brief on April 6, 2020. Thus, we believe that FedEx had reasonable notice of the claims being brought against it as a result of the accident. *Nuveen Mun. Tr.*, 692 F.3d at 308 ("Reasonable notice refers to whether the defendant can understand the basis of the [suit] such that it can begin defending itself.").

state court since there was ambiguity regarding the date of dismissal of the initial federal court case).

Accordingly, the equitable doctrine of substantial compliance does not apply here. The Appellant's complaint, filed after the expiration of New Jersey's two-year statute of limitations, was therefore properly dismissed.

## V.  CONCLUSION

For the foregoing reasons, we will affirm the order of the District Court dismissing the complaint.